SHARTSIS FRIESE LLP
KAJSA M. MINOR (Bar #251222)
kminor@sflaw.com
ALEXANDER R. MORROW (Bar #341052)
amorrow@sflaw.com
425 Market Street, Eleventh Floor
San Francisco, CA  94105-2496
Telephone:    (415) 421-6500
Facsimile:    (415) 421-2922

Attorneys for Defendant
OKCOIN USA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE DEAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OKCOIN USA, INC., a Delaware Corporation, and Does 1-10,<br><br>Defendants. | Case No. 5:24-cv-01331-PCP<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:       May 23, 2024<br>Time:       10:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge:       Hon. P. Casey Pitts |

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT ............................................................................................................. 3

    A.  Plaintiff Created His OKCoin Account On May 6, 2022 And In Doing So Necessarily Accepted OKCoin's TOS ................................................................. 3

    B.  The Kevin Chan Declaration (ECF No. 16-1) Is Admissible ............................... 5

    C.  The Arbitration Agreement In OKCoin's TOS Is Valid And Enforceable ........... 7

        1.  Enforceability Issues Have Been Delegated To The Arbitrator ................ 7

        2.  Plaintiff Fails To Demonstrate Unconscionability .................................. 8

            i.  No procedural unconscionability ................................................. 8

            ii.  No substantive unconscionability ............................................... 10

    D.  Plaintiff Does Not Seek "Public Injunctive Relief" .......................................... 12

III.  CONCLUSION ........................................................................................................ 14

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Abeyrama v. J.P. Morgan Chase Bank*,
No. CV12-00445 DMG, 2012 U.S. Dist. LEXIS 87847 (C.D. Cal. June 22, 2012) ...................................................................................................................10

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) ...............................................................................................3

*Blair v. Rent-A-Center, Inc.*,
928 F.3d 819 (9th Cir 2019) .................................................................................14

*Burnham v. City of Rohnert Park*,
No. C 92-1439 SC, 1992 U.S. Dist. LEXIS 8540 (N.D. Cal. May 18, 1992) ..........5

*Capriole v. Uber Techs., Inc.*,
7 F.4th 854 (9th Cir. 2021) .............................................................................12, 13

*Chavarria v. Ralphs Grocery Co.*,
733 F.3d 916 (9th Cir. 2013) ................................................................................11

*Chiron Corp. v. Ortho Diagnostic Sys.*,
207 F.3d 1126 (9th Cir. 2000) ................................................................................3

*Cohen v. CBR Sys., Inc.*,
625 F. Supp. 3d 997 (N.D. Cal. Sept. 6, 2022) ....................................................11

*Cottrell v. AT&T Inc.*,
No. 20-16162, 2021 U.S. App. LEXIS 32093 (9th Cir. Oct. 26, 2021) ................13

*Flores v. Coinbase, Inc.*,
No. CV 22-8274-MWF (KS), 2023 U.S. Dist. LEXIS 90926 (C.D. Cal. Apr. 6, 2023) ...................................................................................................................9

*Furlough v. Capstone Logistics, LLC*,
No. 18-cv-02990-SVK, 2019 U.S. Dist. LEXIS 79690 (N.D. Cal. May 10, 2019) ......................................................................................................................4

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
139 S. Ct. 524 (2019)............................................................................................14

*Hodges v. Comcast Cable Comm'n, LLC*,
21 F.4th 535 (9th Cir. 2021) ......................................................................2, 12, 13

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

- ii -

*In re Holl*,
　925 F.3d 1076 (9th Cir. 2019) ........................................................................4

*Jenkins v. Sterling Jewelers, Inc.*,
　No. 17cv1999-MMA (BGS), 2018 U.S. Dist. LEXIS 25988 (S.D. Cal. Feb.
　16, 2018) ..........................................................................................................7

*Loewen v. Lyft, Inc.*,
　129 F. Supp. 3d 945 (N.D. Cal. 2015) ............................................................4

*Lopez v. Cequel Commc'ns, LLC*,
　No. 2:20-cv-02242-TLN-JDP, 2021 U.S. Dist. LEXIS 213032 (E.D. Cal. Nov.
　2, 2021) ..........................................................................................................13

*McArdle v. AT&T Mobility*,
　772 F. App'x 575 (9th Cir. 2019) ..................................................................14

*McGovern v. U.S. Bank NA.*,
　362 F. Supp. 3d 850 (S.D. Cal. 2019) ..........................................................13

*Mitchell v. Ecolab, Inc.*,
　No. 1:22-cv-01088-EPG, 2023 U.S. Dist. LEXIS 52953 (E.D. Cal. Mar. 27,
　2023) ................................................................................................................6

*Nessim v. Fliff, Inc.*,
　No. 5: 23-cv-01048-SSS-SHKx, 2024 U.S. Dist. LEXIS 79453 (C.D. Cal. Jan.
　5, 2024) ............................................................................................................9

*Nguyen v. Barnes & Noble Inc.*,
　763 F.3d 1171 (9th Cir. 2014) .....................................................................2, 4

*Nguyen v. Okcoin USA*,
　No. 22-cv-06022-KAW, 2023 U.S. Dist. LEXIS 27449 (N.D. Cal. Feb. 17,
　2023) ....................................................................................................... *passim*

*Perez v. Discover Bank*,
　No. 20-cv-06896-SI, 2021 U.S. Dist. LEXIS 182422 (N.D. Cal. Sep. 23,
　2021) ..............................................................................................................13

*Poublon v. C.H. Robinson Co.*,
　846 F.3d 1251 (9th Cir. 2017) ...............................................................3, 9, 10

*FTC v. Qualcomm Inc.*,
　No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 190051 (N.D. Cal. Nov. 6,
　2018) ................................................................................................................5

*Rappley v. Portfolio Recovery Associates, LLC*, No. EDCV 17-108 JGB (SPx),
　2017 U.S. Dist. LEXIS 144182, at *14 (C.D. Cal. Aug. 24, 2017) ......................13

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

- iii -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

*Revitch v. Uber Techs.*,
   No. 18-CV-2974-PSG-GJS, 2018 U.S. Dist. LEXIS 227333 (C.D. Cal. Sep. 5,
   2018) ..................................................................................................................2, 14

*Swift v. Zynga Game Network, Inc.*,
   805 F. Supp. 2d 904 (N.D. Cal. 2011) .......................................................................4

*Tijerina v. Caliber Holdings Corp.*,
   No. 19cv1213-JAH (WVG), 2019 U.S. Dist. LEXIS 165681 (S.D. Cal. Sep.
   25, 2019) ................................................................................................................10

*Tillage v. Comcast*,
   772 F. App'x 569 (9th Cir 2019) ..............................................................................14

*Tinker v. CrimShield, Inc.*,
   No. CV-22-00339-PHX-DLR, 2022 U.S. Dist. LEXIS 181713 (D. Ariz. Oct.
   4, 2022) ..................................................................................................................11

*Tompkins v. 23andMe, Inc.*,
   840 F.3d 1016 (9th Cir. 2016) ..................................................................................11

*Tompkins v. 23andMe, Inc.*,
   No. 5:13-CV-05682-LHK, 2014 U.S. Dist. LEXIS 88068 (N.D. Cal. June 25,
   2014) .....................................................................................................................4, 9

*Torres v. Veros Credit LLC*,
   No. 8:23-CV-00688-DOC-DFM, 2023 U.S. Dist. LEXIS 120977 (C.D. Cal.
   Jul. 13, 2023)............................................................................................................2

*Ventura v. 1st Fin. Bank United States*,
   No. C 03-4515 JF (RS), 2005 U.S. Dist. LEXIS 50253 (N.D. Cal. Sep. 29,
   2005) ......................................................................................................................11

*Wilson v. Wells Fargo & Co.*,
   No. 20-cv-2307-DMS-WVG, 2021 U.S. Dist. LEXIS 89039 (S.D. Cal. May 8,
   2021) ......................................................................................................................14

*Wiseley v. Amazon.com, Inc.*,
   709 F. App'x. 862 (9th Cir. 2017) ..............................................................................9

*Wright v. Sirius XM Radio Inc.*, No. SACV 16-01688 JVS (JCGx), 2017 U.S.
   Dist. LEXIS 221407, at *26–27 (C.D. Cal. June 1, 2017) .........................................14

**STATE CASES**

*Ajamian v. CantorCO2e*,
   203 Cal. App. 4th 771 (2012) ...................................................................................10

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

- iv -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

*Armendariz v. Found. Health Psychcare Serv.*,
    24 Cal. 4th 83 (2000) ...........................................................................................9

*Boucher v. Alliance Title Co., Inc.*,
    127 Cal. App. 4th 262 (2005) ...............................................................................5

*Carlson v. Home Team Pest Defense, Inc.*,
    239 Cal. App. 4th 619 (2015) ...............................................................................8

*In Wherry v. Award, Inc.*,
    192 Cal. App. 4th 1242 (2011) ...........................................................................11

*McGill v. Citibank*,
    2 Cal. 5th 945 (2017) ......................................................................................2, 12

*Mondragon v. Sunrun, Inc.*,
    No. B328425, 2024 Cal. App. LEXIS 269 (Ct. App. Apr. 23, 2024) ...............7, 8, 9

*Ramos v. Superior Court*,
    28 Cal. App. 5th 1042 (2018) .............................................................................11

*Rowland v. PaineWebber Inc.*,
    4 Cal. App. 4th 279 (1992) ...................................................................................4

*Ruiz v. Moss Bros. Auto Grp., Inc.*,
    232 Cal. App. 4th 836 (2014) ...............................................................................9

*Sanchez v. Valencia Holding Co., LLC*,
    61 Cal. 4th 899 (2015) .........................................................................................8

**FEDERAL STATUTES**

Federal Arbitration Act .................................................................................. *passim*

**STATE STATUTES**

California Arbitration Act ..........................................................................................7

**OTHER AUTHORITIES**

Civil L.R. 7-3 ............................................................................................................5

Civil L.R. 7-5 ............................................................................................................6

Fed. R. Civ. P. 56 ......................................................................................................6

Fed. R. Evid. 602 ......................................................................................................7

Fed. R. Evid. 803 ......................................................................................................7

- v -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

Fed. R. Evid. 901 ...................................................................................................6–7

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

- vi -

Case No.
5:24-cv-01331-PCP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

## I.   <u>INTRODUCTION</u>

Plaintiff provides no viable basis to deny OKCoin USA, Inc.'s ("OKCoin") Motion, particularly because it is undisputed that he opened an OKCoin account on May 6, 2022, thereby assenting to an arbitration clause in OKCoin's Terms of Service ("TOS") using a clickwrap assent process that is unchallenged by Plaintiff and routinely endorsed in California and nationwide. Instead, Plaintiff appears to contest the basic concept of clickwrap assents to online terms of service—taking the antiquated position that without negotiation and proof of a "signature" on the TOS itself there is no "meeting of the minds"—and relies on facts about the merits of his claims that are both grossly mischaracterized and irrelevant to the arbitrability of those claims.

For example, Plaintiff argues OKCoin's Motion should be denied because he was "the victim of fraudulent activity" leading to the unauthorized withdrawal of funds by an unknown third party who remotely accessed his OKCoin account.  Plaintiff's Opposition to OKCoin USA, Inc.'s Motion to Compel Arbitration and Stay Proceedings, ECF No. 17, ("Opp.") at 1.  But Plaintiff's arguments based on events ***after*** he created his account on May 6, 2022 are irrelevant to this Motion, and Plaintiff does not argue (nor could he) that ***OKCoin*** misled him or coerced him to open his account.  To the contrary, Plaintiff knowingly created and personally verified his OKCoin account on May 6, 2022 and nothing about that sign-up process could have put OKCoin on notice of anything suspicious—indeed, as Plaintiff himself explained in an Identity Theft Report to the Federal Trade Commission in June 2022, the fraud leading to Plaintiff's alleged loss had no direct connection to OKCoin at all; instead, Plaintiff described being locked out of his computer and contacting ***Microsoft***—or what apparently turned out to be a Microsoft imposter—who convinced him to wire funds to an OKCoin account "until Microsoft had everything straightened out and then transfer it back."  Declaration of Emily Chan in Support of Defendant OKCoin USA, Inc's Reply in Support of Its Motion to Compel Arbitration and Stay Proceedings  ("Emily Chan Decl.") ¶¶ 2–3.  The Microsoft imposter then "accessed [his] computer through ultra view" and withdrew funds that Plaintiff had deposited weeks earlier into his OKCoin account.  *Id.*; *cf.* Opp. at 9 ("Plaintiff discovered that his computer was remotely accessed [on May 24], without his consent or

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

authorization via 'Ultra View.'").  Under the circumstances, Plaintiff cannot avoid his contractual obligation to arbitrate his claims against OKCoin by pointing to alleged impropriety of an entirely unrelated third party.

Plaintiff's other arguments against arbitration are similarly meritless.  First, Plaintiff argues that the Declaration of Kevin Chan in Support of OKCoin USA Inc.'s Motion to Compel Arbitration and Stay Proceedings, ECF No. 16-1, (the "Kevin Chan Declaration") submitted in support of OKCoin's Motion should be disregarded because, Plaintiff argues, it lacks foundation and there was no contract attached to it with an affixed "signature."  Nonsense.  Not only was that declaration virtually identical to—and signed by the same declarant as—the one deemed sufficient in *Nguyen v. Okcoin USA*, No. 22-cv-06022-KAW, 2023 U.S. Dist. LEXIS 27449, at *13 (N.D. Cal. Feb. 17, 2023), but the notion that online terms of service are unenforceable without a signature on the document itself is contrary to well-settled authority enforcing clickwrap agreements.  *E.g.*, *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014).

Second, Plaintiff argues that the arbitration agreement is unenforceable because *McGill v. Citibank*, 2 Cal. 5th 945 (2017), and its progeny prohibit mandatory arbitration of "public injunctive relief."  But recent authority—including from the Ninth Circuit—has made clear the type of relief Plaintiff seeks is ***not*** public injunctive relief at all, but instead would benefit Plaintiff himself with at most only an incidental benefit to other OKCoin customers.  *E.g.*, *Revitch v. Uber Techs.*, No. 18-CV-2974-PSG-GJS, 2018 U.S. Dist. LEXIS 227333, at *14 (C.D. Cal. Sep. 5, 2018); *Hodges v. Comcast Cable Comm'n, LLC*, 21 F.4th 535, 543 (9th Cir. 2021); *Torres v. Veros Credit LLC*, No. 8:23-CV-00688-DOC-DFM, 2023 U.S. Dist. LEXIS 120977, at *15 (C.D. Cal. Jul. 13, 2023) ("Plaintiff seems to argue that so long as the relief sought affects *some* 'members of the public,' it qualifies as public injunctive relief.  Not so.  The relief sought by Plaintiff would benefit only a 'particular class of persons,' namely the customers of Defendant.") (emphasis in original).  And even if Plaintiff had a credible argument that he was seeking public injunctive relief (he does not), that issue would be for the arbitrator to resolve.

Finally, Plaintiff argues the arbitration agreement is unconscionable.  Not only is he wrong

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

as a matter of law—at most he can claim the TOS is an adhesion contract, to which courts have attributed only minimal procedural unconscionability—but such enforceability issues have been delegated to the arbitrator, as Judge Westmore held in interpretating the *identical* provision in OKCoin's TOS in *Nguyen*.  2023 U.S. Dist. LEXIS 27449, at *14; *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1262 (9th Cir. 2017).

In short, OKCoin is sympathetic to Plaintiff's belief that he was the victim of a scam by a Microsoft imposter, but his remedy does not rest with OKCoin and certainly not in this venue.  The only issue properly before the Court is whether Plaintiff agreed to arbitrate his claims (he did), and whether those claims are within the scope of the arbitration agreement (they are).  The Court should thus compel Plaintiff's claims to arbitration before the American Arbitration Association ("AAA"), and stay the litigation pending that arbitration.

## II.   ARGUMENT

The Court's role under the Federal Arbitration Act ("FAA") is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).  Here, Plaintiff's arguments against a valid arbitration agreement are facially meritless, and Plaintiff does not even *attempt* to argue that his underlying claims fall outside the scope of that agreement.  In any event, even if Plaintiff had grounds to challenge either issue, it would be for the arbitrator (not this Court) to resolve.  *E.g.*, *Nguyen*, 2023 U.S. Dist. LEXIS 27449, at **13–14; *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (threshold issues "can be expressly delegated to the arbitrator where 'the parties clearly and unmistakably provide otherwise'").

### A.   Plaintiff Created His OKCoin Account On May 6, 2022 And In Doing So Necessarily Accepted OKCoin's TOS

As Plaintiff pleaded in his Complaint and now acknowledges again in his declaration, he knowingly created his OKCoin account on May 6, 2022—even if, in hindsight, he claims he was convinced to do so by a third-party Microsoft imposter with no connection to OKCoin.  *See* Complaint, ECF No. 1, ("Compl.") ¶¶ 10–11 ("Plaintiff opened an account with OKCoin");

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

Declaration of Leslie Dean, ECF No. 17-1, ("Dean Decl.") ¶ 3 ("I was misled about opening an account with OKCoin.").  At the time he created his account, Plaintiff necessarily followed the process described in the Kevin Chan Declaration, prompting him to click a "Sign up" button directly above a hyperlink to OKCoin's TOS, thereby confirming his assent to the TOS—a signup process that tracks industry standards and that notably Plaintiff does not even dispute in his Opposition.  Kevin Chan Decl. ¶¶ 3–6; *see also* Motion, ECF No. 16, ("Mot.") at 8–9.

Federal courts uniformly recognize that affirmatively clicking an online "accept"-type button (known as a "clickwrap") constitutes objective assent to terms of service.  *See, e.g.*, *Nguyen*, 763 F.3d at 1176 ("[C]ourts have consistently enforced [terms of use] agreements where the user had actual notice of the agreement … [or] where the user is required to affirmatively acknowledge the agreement before proceeding with use of the [service.]"); *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 957–58 (N.D. Cal. 2015); *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 910–12 (N.D. Cal. 2011); *Tompkins v. 23andMe, Inc.*, No. 5:13-CV-05682-LHK, 2014 U.S. Dist. LEXIS 88068, at *29 (N.D. Cal. June 25, 2014), *aff'd*, 840 F.3d 1016 (9th Cir. 2016).  This is true regardless of whether Plaintiff, in an effort to avoid his contractual obligation to arbitrate, now says he "do[es] not recall reading any terms of service or knowing about any terms of service" and "did not negotiate the terms of an arbitration agreement with anyone from OKCOIN."  Dean Decl. ¶¶ 3–4; *In re Holl*, 925 F.3d 1076, 1084 (9th Cir. 2019) (holding that a plaintiff with "no memory of reading" any terms "unequivocally assented" to them when he clicked on a box, "affirmatively indicating assent").  *Furlough v. Capstone Logistics, LLC*, No. 18-cv-02990-SVK, 2019 U.S. Dist. LEXIS 79690, at **14–15 (N.D. Cal. May 10, 2019) ("That Plaintiff 'may not have read or fully comprehended' the contents of [the TOS] does not preclude a determination that he is bound by the Arbitration Agreement'" contained therein.) (quoting *Knepper v. Ogletree*, No. 18-cv-00303-WHO, 2019 U.S. Dist. LEXIS 4980 (N.D. Cal. Jan. 9, 2019)); *Rowland v. PaineWebber Inc.*, 4 Cal. App. 4th 279, 286 (1992) ("A party cannot use his own lack of diligence to avoid an arbitration agreement.").

Plaintiff's suggestion that he did not consent to the TOS and that there was no "formation

- 4 -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

of a contract," Opp. at 11, is particularly odd given that his complaint expressly seeks "contract damages," *e.g.* Compl. ¶ 77, and seeks to benefit from the TOS by asserting that OKCoin breached the covenant of good faith and fair dealing inherent in "every contract," *id.* ¶¶ 70–77.  Plaintiff cannot have it both ways:  he cannot seek to benefit from the very contract he seeks to disclaim. *See e.g., Boucher v. Alliance Title Co., Inc*., 127 Cal. App. 4th 262, 272–73 (2005) (Where "Plaintiff's claims against defendant rely on, make reference to, and presume the existence of" a contract he is "equitably estopped from avoiding arbitration of his causes of action against defendant.").  Plaintiff cannot deny for purposes of arbitration the applicability of the very contract he relies on for his underlying claims in his Complaint.  *Id.*

Likewise, Plaintiff's vague suggestion that he was "misled" or "coerced" into creating an OKCoin account cannot avoid his contractual obligation to arbitrate.  As noted above, not once does Plaintiff actually assert—in his Complaint or his Opposition—that **OKCoin** misled or coerced him into creating his account.  For good reason:  he could not do so, and certainly not in the face of his own contemporaneous statements in 2022 when he reported to law enforcement that he was scammed after attempting to contact **Microsoft**—not OKCoin—about computer troubles.  *See* Emily Chan Decl. ¶¶ 2–3 & Exs. A–B.[1]

## B.   The Kevin Chan Declaration (ECF No. 16-1) Is Admissible

Although Plaintiff does not dispute that he followed the process described in the Kevin

---

[1] Ms. Chan submits her declaration in response to Plaintiff's new and misleading factual assertions in the Opposition.  Knowing that his assertions open the door to such clarification, Plaintiff preemptively asks the Court to disallow any such response by relying on inapplicable California case law discussing a moving party's ability to raise new **arguments** in a **summary judgment reply**. *See* Opp. at 15 (citing *Ruiz v. Moss Bros. Auto Grp., Inc.*, 232 Cal. App. 4th 836, 846 (2014) (discussing new contract raised in reply); *Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc.*, 31 Cal. App. 4th 1323, 1333 (1995) (discussing new grounds for relief raised in reply)).

Pursuant to Civil Local Rule 7-3(c),"[a]ny reply to an opposition may include affidavits or declarations."  OKCoin did not anticipate the need to address Plaintiff's suggestion that he was misled by OKCoin to open an account, and thus it would be unfair for OKCoin not to have an opportunity to address such an inference.  *Cf. Burnham v. City of Rohnert Park*, No. C 92-1439 SC, 1992 U.S. Dist. LEXIS 8540, at *2 n.2 (N.D. Cal. May 18, 1992) ("reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion"); *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 190051, at *42 (N.D. Cal. Nov. 6, 2018) (reply evidence offered to rebut argument raised in opposition).

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

1   Chan Declaration when he opened his account, he nevertheless asks the Court without basis to

2   exclude that declaration.   Mr. Chan's Declaration complies with Civil Local Rule 7-5, and

3   constitutes sworn testimony based on personal knowledge.   *See* Civil L.R. 7-5(b) ("An affidavit or

4   declaration may contain only facts, must conform as much as possible to the requirements of Fed.

5   R. Civ. P. 56(e), and must avoid conclusions and argument.").

6        Plaintiff argues that Mr. Chan lacks foundation because he is a "'Product Lead' who does

7   not know if Plaintiff is a 'he or a she' and can only assume as to what Plaintiff 'could' have done

8   and 'would have' done."   Opp. at 10.   Neither assertion is true.[2]   As stated in Mr. Chan's

9   declaration, as a Product Lead, he has personal knowledge of the process all prospective users—

10  including Plaintiff—were required to follow to create an account in May 2022 when Plaintiff

11  created his account.   Kevin Chan Decl. ¶¶ 1, 4–7.   He makes this clear:  all prospective OKCoin

12  users in May 2022 were "required" to provide certain information on a sign-in page that "presented

13  [them] with a hyperlink to the then-current Terms of Service ('TOS') as part of an express

14  disclosure that by creating an account the user was agreeing to OKCoin's TOS and Privacy Policy

15  Statement."   *Id.*, ¶ 4.   The declaration expressly states what the disclosure was and shows a

16  screenshot of what it looked like.   *Id.*, ¶ 5.   Plaintiff created an account on May 6, 2022.   *Id.*, ¶ 3;

17  Compl. ¶¶ 10–11; Opp. at 8.   Thus, the declaration establishes what Plaintiff was required to do,

18  what he did, and when he did it.   Kevin Chan Decl. ¶¶ 3–7.   The declaration also properly

19  authenticates the TOS.   *Mitchell v. Ecolab, Inc.*, No. 1:22-cv-01088-EPG, 2023 U.S. Dist. LEXIS

20  52953, at *11 (E.D. Cal. Mar. 27, 2023) ("To the extent that Plaintiff challenges the declarant's

21  ability to authenticate the exhibits, such objections on the basis of a failure to comply with the

22  technicalities of authentication requirements or the best evidence rule are inappropriate so long as

23  such documents could be properly authenticated at trial.") (internal citations omitted) (citing Fed.

24

25  [2] Plaintiff's gender is irrelevant, but Mr. Chan correctly identifies Plaintiff as "he" and only uses the gender-neutral "he or she" to refer generally to ***all OKCoin users*** who joined the platform in

26  May 2022.   *Compare* Kevin Chan Decl. ¶¶ 3, 5, 7 (referring to "***his*** OKCoin account") (emphasis added) with *id.*, ¶ 6 ("After ***the user*** entered the required personal information, ***he or she*** was then

27  able to click the 'Sign up' button, thereby confirming their assent to OKCoin's TOS and Privacy Policy Statement.") (emphasis added).   Plaintiff's argument is erroneous and irrelevant.

28

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

R. Evid. 901); *Jenkins v. Sterling Jewelers, Inc.*, No. 17cv1999-MMA (BGS), 2018 U.S. Dist. LEXIS 25988, at *8 (S.D. Cal. Feb. 16, 2018) ("That Ms. Broadhead was not present when Plaintiff signed the agreement is irrelevant to whether Ms. Broadhead has properly authenticated the document.") (citing Fed. R. Evid. 602, 803(6), 901).  Plaintiff provides no proper basis for this Court to disregard the Kevin Chan Declaration, particularly because it mirrors the virtually identical declaration that Mr. Chan submitted—and that the Court accepted—in *Nguyen*, 2023 U.S. Dist. LEXIS 27449, at *3 (referencing Mr. Chan's declaration, ECF No. 11-1 in that matter).

**C.**      **The Arbitration Agreement In OKCoin's TOS Is Valid And Enforceable**

Plaintiff also argues that the arbitration agreement in the TOS is invalid and unenforceable because it is supposedly unconscionable, despite Judge Westmore enforcing the ***same agreement*** in *Nguyen*, 2023 U.S. Dist. LEXIS 27449, at *14 (granting OKCoin's motion to compel and "order[ing] that arbitration be submitted to the AAA").  Plaintiff's arguments are meritless, and in any event these issues of enforceability are delegated to the AAA to resolve.[3]

**1.**      **Enforceability Issues Have Been Delegated To The Arbitrator**

As an initial matter, unconscionability and other issues of enforceability and arbitrability have been delegated to the AAA to decide, as Judge Westmore held with respect to the identical TOS and arbitration agreement in *Nguyen*, 2023 U.S. Dist. LEXIS 27449, at *14 (granting OKCoin's motion to compel arbitration and ordering that "arbitration be submitted to the AAA," leaving open the potential for the parties to return to court ***only*** if the AAA somehow "decline[d] administration of the arbitration").  Plaintiff provides no reason for this Court to do anything differently here.  Indeed, Plaintiff does not argue the delegation clause is unconscionable, he argues (erroneously) that the arbitration agreement is unconscionable.  Because the delegation clause is clear and unmistakable and not unconscionable (both of which were found by Judge Westmore), the issue of unconscionability is delegated to an arbitrator. *Id.*

Plaintiff urges the Court to ignore *Nguyen* and instead rely on *Mondragon v. Sunrun, Inc.*,

---

[3] Plaintiff's reliance on the California Arbitration Act and cases applying it is misplaced because the TOS is expressly governed by the FAA and Plaintiff does not even contend otherwise.  Opp. at 18; Kevin Chan Decl. Ex. A, § 17.

No. B328425, 2024 Cal. App. LEXIS 269, at *1 (Ct. App. Apr. 23, 2024), but that case is inapplicable.  In *Mondragon*, the Court of Appeals found that questions of arbitrability were not clearly and unmistakably delegated to the arbitrator where the contract (1) carved out PAGA claims at issue from the arbitration clause, and (2) contained a severability clause that suggested a court could decide arbitrability, which created ambiguity—*i.e.*, the arbitration clause was missing a "clear and unmistakable" delegation to an arbitrator.  *Id.*, at *19 ("[T]the agreement's incorporation of the AAA rules and reference to a court refusing to enforce certain provisions create an ambiguity regarding whether the parties intended to delegate arbitrability decisions to the arbitrator.").  Here, no such ambiguity exists nor does Plaintiff argue as much, and Plaintiff's claims are not exempted from arbitration, as further explained in Section II.D., *infra*.

### 2.    Plaintiff Fails To Demonstrate Unconscionability

Even if the Court reached the issue of unconscionability, there is nothing unconscionable about the arbitration agreement at issue.  To be unconscionable, the arbitration agreement must be both procedurally and substantively unconscionable.  *See Nguyen*, 2023 U.S. Dist. LEXIS 27449, at *7 (citing *Chiron*, 207 F.3d at 1130); *accord Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015) ("The prevailing view is that procedural and substantive unconscionability must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.") (emphasis in original and internal quotation omitted).  Plaintiff cannot establish either.

### i.    No procedural unconscionability

Plaintiff argues that the arbitration agreement is procedurally unconscionable because it (1) is in an adhesion contract with no opportunity to "opt out," and (2) requires arbitration to the AAA using the AAA's standard rules.  Opp. at 19–21.[4]

First, it is well-settled that an adhesion contract taken on a "take it or leave it" basis "does not render [an arbitration agreement] automatically unenforceable as unconscionable." *Carlson v.*

---

[4] Plaintiff also argues the TOS included "surprise terms," but he does not and cannot identify a single term that in his view was "surprising."  *See* Opp. at 21.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

1    *Home Team Pest Defense, Inc.*, 239 Cal. App. 4th 619, 631 (2015).  In fact, the Ninth Circuit has

2    held that adhesion contracts "give rise to a low degree of procedural unconscionability at most."

3    *Poublon,* 846 F.3d at 1262.  Thus, without more, the fact that Plaintiff contends the OKCoin TOS

4    is an adhesion contract cannot as a matter of law render it unenforceable.  And Plaintiff cites no

5    authority for his passing assertion that an inability to "opt out" somehow renders the agreement

6    unenforceable, particularly in circumstances like those here where Plaintiff could have chosen any

7    number of other cryptocurrency platforms and offers no evidence that OKCoin "pressured" him to

8    create an OKCoin account.  *See, e.g.,* *Flores v. Coinbase, Inc.*, No. CV 22-8274-MWF (KS), 2023

9    U.S. Dist. LEXIS 90926, at *14 (C.D. Cal. Apr. 6, 2023) ("the Court finds a minimal degree of

10   procedural unconscionability" because "nothing in the record suggests that Coinbase was the only

11   option for cryptocurrency services") (internal quotation marks and alterations omitted) (quoting

12   *Alfia v. Coinbase Glob., Inc.*, No. 21-cv-08689-HSG, 2022 U.S. Dist. LEXIS 130559, at *9 (N.D.

13   Cal. July 22, 2022)); *Nessim v. Fliff, Inc.*, No. 5: 23-cv-01048-SSS-SHKx, 2024 U.S. Dist. LEXIS

14   79453, at *22 (C.D. Cal. Jan. 5, 2024) ("Because Nessim had other reasonable market alternatives,

15   the Court finds little procedural unconscionability in this case.").[5]

16        Second, Plaintiff's argument that it is unconscionable to incorporate the AAA Rules into

17   the OKCoin arbitration agreement was previously rejected in *Nguyen* and is routinely rejected by

18   other courts.  Opp. at 20–21; *Nguyen,* 2023 U.S. Dist. LEXIS 27449 at **11–12; *Wiseley v.*

19   *Amazon.com, Inc.*, 709 F. App'x. 862, 864 (9th Cir. 2017) ("Nor does the incorporation by

20   reference of the American Arbitration Association's (AAA) rules create procedural

21   unconscionability.  Although Wisely argues that it was unclear which rules would apply, he had a

22   'reasonable opportunity to understand' that the Consumer Arbitration Rules would apply in the

23

24   _____

25   [5] Plaintiff's reliance on employment cases including *Armendariz v. Found. Health Psychcare*
     *Serv.*, 24 Cal. 4th 83, 99 (2000), *Mondragon*, 2024 Cal. App. LEXIS 269, at *1, and *Ruiz*, 232 Cal.

26   App. 4th at 842, is misplaced because those cases involved an employee's position vis-à-vis his or
     her employer, which is a relationship not akin to choosing between service providers on the open

27   market.  *See, e.g., Tompkins*, 834 F.3d at 1028 ("The California Supreme Court has since indicated
     that this *Armendariz* rule is limited to the employment context.") (citing *Sanchez,* 61 Cal. 4th at

28   918–19).

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

1    context of his consumer purchases.")).  Plaintiff's argument that it is improper for the OKCoin

2    arbitration agreement to be governed by the AAA's "rules and regulations then in effect" is—as it

3    was in *Nguyen*—unavailing.

4                              ii.        **No substantive unconscionability**

5           Because Plaintiff has shown only that the arbitration agreement is an adhesion contract

6    giving rise to a "low degree of procedural unconscionability," *Poublon*, 846 F.3d at 1262, he must

7    show significant substantive unfairness—so much so that it "shocks the conscience"—to avoid

8    arbitration, *e.g.*, *Ajamian v. CantorCO2e*, 203 Cal. App. 4th 771, 796 (2012) (where "the degree

9    of procedural unconscionability is low … the agreement will be enforceable unless the degree of

10   substantive unconscionability is high"); *Tijerina v. Caliber Holdings Corp.*, No. 19cv1213-JAH

11   (WVG), 2019 U.S. Dist. LEXIS 165681, at *8 (S.D. Cal. Sep. 25, 2019) (in assessing substantive

12   unconscionability, "the Court notices no term which shocks the conscience, contravenes public

13   policy, or otherwise impermissibly alters the fundamental duties imposed by law.").  Plaintiff does

14   not even remotely meet this high threshold.

15          First, Plaintiff argues the arbitration agreement is substantively unconscionable because it

16   requires fee-sharing of AAA costs.  Judge Westmore already addressed the fee-sharing provision

17   in the arbitration agreement and upheld arbitration before the AAA.  *Nguyen*, 2023 U.S. Dist.

18   LEXIS 27449, at **8–10, 13 ("unlike JAMS, the AAA does not set limits for fee requirements.

19   Thus, arbitration before the AAA does not appear impossible") (internal citation omitted) (citing

20   *Consumer Due Process Protocol Statement of Principles*, AMERICAN ARBITRATION ASSOCIATION,

21   Principle 6).  Nothing about the AAA's standard consumer rules on fee-sharing, as incorporated

22   into the OKCoin arbitration agreement, is substantively unconscionable—indeed, to rule otherwise

23   would mean this aspect of the AAA rules is unenforceable in any case.

24          Second, Plaintiff argues that discovery is limited and that the AAA's decisions are final,

25   but this hardly makes the agreement substantively unconscionable at all, let alone so much so that

26   it "shocks the conscience."  *See* Opp. at 23; *Abeyrama v. J.P. Morgan Chase Bank*, No. CV12-

27   00445 DMG (MRWx), 2012 U.S. Dist. LEXIS 87847, at *11 (C.D. Cal. June 22, 2012) ("the fact

28

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

Case No.
5:24-cv-01331-PCP
                    REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
                    SUPPORT OF MOTION TO COMPEL ARBITRATION

1    that an arbitration may limit a party's discovery rights is not 'substantive unconscionability'")

2    (citing *Coast Plaza Doctors Hosp. v. Blue Cross of California*, 83 Cal. App 4th 677, 689–90

3    (2000)); *Tinker v. CrimShield, Inc.*, No. CV-22-00339-PHX-DLR, 2022 U.S. Dist. LEXIS 181713,

4    at *10 (D. Ariz. Oct. 4, 2022) (waiving right to appeal arbitration is not unconscionable because it

5    has no bearing on District Court's power to review arbitration award under FAA) (citing 9 U.S.C.

6    §§ 10–11). Courts repeatedly reject these arguments when enforcing arbitration agreements.

7            Third, Plaintiff argues without support that the arbitration agreement improperly includes

8    a unilateral carveout for actions to "collect a debt balance." Opp. at 22–23. To be clear, the

9    OKCoin arbitration agreement is mutual on its face, and a narrow carveout for debt collection does

10   not render the mutual arbitration agreement unconscionable. Not only is this carveout irrelevant

11   to Plaintiff's claims in this case and thus irrelevant to the Court's analysis, but courts routinely

12   recognize that a general "exemption of debt collection claims from [an] arbitration provision does

13   not render the provision unenforceable for lack of mutuality, because debt collection is inherently

14   one-sided and it would not make sense to require a financial institution" like OKCoin "to arbitrate

15   every time it attempted to collect on an unpaid bill." *Ventura v. 1st Fin. Bank United States*, No.

16   C 03-4515 JF (RS), 2005 U.S. Dist. LEXIS 50253, at *13 n.3 (N.D. Cal. Sep. 29, 2005); *Cohen v.

17   CBR Sys., Inc.*, 625 F. Supp. 3d 997, 1004 (N.D. Cal. Sept. 6, 2022) ("[A]llowing defendants to

18   rely on collection agencies for limited purpose of collecting past due accounts," rather than

19   pursuing such claims in arbitration, "is not so one-sided as to shock the conscience."); *Tompkins

20   v. 23andMe, Inc.*, 840 F.3d 1016, 1030 (9th Cir. 2016) (endorsing a "margin of safety" for

21   companies to work in unilateral terms that are commercially important).[6]

22

23

24   ───────────────────────────────

25   [6] Plaintiff's reliance on *In Wherry v. Award, Inc.*, 192 Cal. App. 4th 1242, 1249 (2011), *Ramos v. Superior Court*, 28 Cal. App. 5th 1042 (2018), and *Chavarria v. Ralphs Grocery Co.*, 733 F.3d

26   916, 926 (9th Cir. 2013)—more employment cases—is likewise misplaced. For example, in *Chavarria*, the plaintiff established facts showing that the costs of arbitration could far exceed her

27   claims. Here, Plaintiff has failed to make any showing (let alone even argue) that AAA arbitration would be so cost prohibitive. *Compare Chavarria*, 733 F.3d at 926 (plaintiff established arbitrator would cost $7,000–$14,000 per day) *with* Opp. at 22 (merely asserting that "[t]his case is similar").

28

- 11 -

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

### D.     <u>Plaintiff Does Not Seek "Public Injunctive Relief"</u>

Plaintiff's argument that he seeks "public injunctive relief" and that such relief is not arbitrable under *McGill,* 2 Cal. 5th at 955, similarly fails.  *See* Opp. at 9–12.  To be sure, *McGill* held that an arbitration provision purporting to waive the right to seek public injunctive relief in court "is invalid and unenforceable under California law."  *Id*.  But in *McGill*, the plaintiff sought an injunction against the use of false advertising to promote a credit protection plan—***advertising that was aimed at the general public***.  *McGill*, 2 Cal. 5th at 961.  Courts interpreting *McGill* and its progeny have made clear that to qualify as "public injunctive relief" for which arbitration is prohibited, the relief must "by and large benefit[] the general public and … the plaintiff, if at all, only incidentally and/or as a member of the general public."  *Id.* at 955 (internal citations and quotations omitted).  By contrast, where the relief sought has "the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or a group of individuals similarly situated to the plaintiff—[it] does not constitute public injunctive relief."  *Id.*; *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 871 (9th Cir. 2021) ("One key difference between a private and public injunction is the primary beneficiary of the relief … [p]rivate injunctions 'resolve a private dispute' between the parties and 'rectify individual wrongs,' though they may benefit the general public incidentally" whereas "public injunctions benefit 'the public directly …,' but do not otherwise benefit the plaintiff").

Here, the Ninth Circuit has made clear the relief Plaintiff seeks—including the "injunctive relief" sought by Plaintiff's Complaint, Compl., at 16—is ***not*** "public injunctive relief" under *McGill* but instead is relief that would principally benefit Plaintiff and, at most, other customers of OKCoin.  For example, in *Hodges*, the Ninth Circuit held that a complaint seeking a broad injunction for the benefit of all current and future Comcast cable subscribers did not seek public injunctive relief because those requests "on their face stand to benefit … a 'group of individuals similarly situated to the plaintiff,'" and "[t]here is simply no sense in which this relief could be said to *primarily* benefit the general public as a more diffuse whole."  *Hodges,* 12 F.4th at 1121 (emphasis in original).  The court explained that to qualify as "public injunctive relief," an

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

injunction must be "for the benefit of the general public as a whole, rather than a discrete subset of similarly situated persons." *Id.* at 1120. Plaintiff here similarly requests relief on behalf of a "discrete subset of similarly situated persons" that does not constitute "public injunctive relief" as a matter of law. *Id.* at 1120–21. Plaintiff's Complaint seeks primary relief related to unauthorized withdrawal of funds from his account, and only incidentally seeks relief on behalf of other OKCoin users through vague references to seeking an injunction to prevent OKCoin from "engaging in future unlawful activities" and seeking "corrective actions so that customer accounts, funds and cryptocurrency assets" are protected. *See* Compl. ¶¶ 78–90 & at 15–16.

Courts have repeatedly held that plaintiffs seeking relief on behalf themselves and a subset of consumers (e.g., Uber riders, Comcast cable customers, etc.)—as Plaintiff purports to do here— do not fall within the "public injunctive relief" analysis under *McGill* and its progeny. *E.g.* *Hodges*, 12 F.4th at 1121; *Capriole*, 7 F.4th at 871 (relief regulating Uber drivers' relationship with Uber is primarily directed at those who become Uber drivers and "only 'benefit[s] the general public incidentally'") (internal quotation omitted); *Cottrell v. AT&T Inc.*, No. 20-16162, 2021 U.S. App. LEXIS 32093, at *4 (9th Cir. Oct. 26, 2021) (injunctive relief directed at "current and future AT&T customers" did not seek public injunctive relief); *Lopez v. Cequel Commc'ns, LLC*, No. 2:20-cv-02242-TLN-JDP, 2021 U.S. Dist. LEXIS 213032, at *13 (E.D. Cal. Nov. 2, 2021) ("Plaintiff seeks an injunction benefitting primarily those who would qualify as purported class members, not the general public."); *Perez v. Discover Bank*, No. 20-cv-06896-SI, 2021 U.S. Dist. LEXIS 182422, at **12–13 (N.D. Cal. Sep. 23, 2021) (relief sought on behalf of class of bank customers denied financial products did not constitute public injunctive relief); *McGovern v. U.S. Bank NA.*, 362 F. Supp. 3d 850, 858–59 (S.D. Cal. 2019) (Because "any injunction … would primarily benefit only USB account-holders" and "the primary purpose of any such injunctive relief would be to rectify the wrongs USB committed against McGovern, it would be *private* injunctive relief.") (emphasis in original); *Rappley v. Portfolio Recovery Associates, LLC*, No. EDCV 17-108 JGB (SPx), 2017 U.S. Dist. LEXIS 144182, at *14 (C.D. Cal. Aug. 24, 2017) (compelling arbitration where claims were designed only "to redress prior and future injury to a

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

specific group of putative plaintiffs"); *Wright v. Sirius XM Radio Inc.*, No. SACV 16-01688 JVS (JCGx), 2017 U.S. Dist. LEXIS 221407, at *26–27 (C.D. Cal. June 1, 2017) (*McGill* does not apply where relief sought would only incidentally benefit the general public). While Plaintiff's Opposition cites *McGill* for the general definition of public injunctive relief, it ignores the extensive case law that demonstrates Plaintiff's prayer for relief, Compl. ¶¶ 15–16, does not in fact seek such relief.[7]

In any event, even if Plaintiff had a viable basis to argue that the relief he seeks was public injunctive relief, that would be an issue for the AAA to resolve and not this Court: "Courts have also found, post-*McGill*, that where there is a delegation provision … the public injunctive relief question is reserved to the arbitrator." *Revitch*, 2018 U.S. Dist. LEXIS 227333, at *14; *Wilson v. Wells Fargo & Co.*, No. 20-cv-2307-DMS-WVG, 2021 U.S. Dist. LEXIS 89039, at *10 (S.D. Cal. May 8, 2021) ("Where, as here, the parties have delegated arbitrability to the arbitrator, the application of *McGill* is a question for the arbitrator, not the Court, to decide."). In *Revitch*, the plaintiff argued that his claim for public injunctive relief could not be compelled to arbitration. The court first noted that the relief sought on behalf of Uber riders did not constitute public relief, but determined that because there was a delegation provision, that issue was properly decided by the Arbitrator, not the court. *Revitch*, 2018 U.S. Dist. LEXIS 227333, at **14–15. The same is true here. *See* Section II.C.1., *supra*; *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (where there is a delegation provision, the "court possesses no power to decide the arbitrability issue").

## III.   CONCLUSION

Plaintiff is contractually bound to arbitrate his claims against OKCoin. The Court should

---

[7] *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir 2019), *Tillage v. Comcast*, 772 F. App'x 569 (9th Cir 2019), and *McArdle v. AT&T Mobility*, 772 F. App'x 575 (9th Cir. 2019) do not help Plaintiff. All three cases predate the Ninth Circuit's decision in *Hodges*, which confirmed that the type of relief Plaintiff seeks here does not even fall within the scope of public injunctive relief. *Blair* focused on FAA preemption and a particular non-severability clause, neither of which is at issue here. *Tillage* and *McArdle* are unpublished and expressly non-precedential memorandum dispositions by the Ninth Circuit that likewise dealt with particular contractual language that is not relevant here.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

1    grant OKCoin's motion, compel his claims to arbitration before the AAA, and stay the litigation

2    pursuant to Section 3 of the FAA pending the outcome of that arbitration.

3    Dated:  May 9, 2024                              SHARTSIS FRIESE LLP

4

5                                                   By:   _/s/ Kajsa M. Minor_
                                                          KAJSA M. MINOR

6
                                                    Attorneys for Defendant
7    10366919.v13                                   OKCOIN USA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                       REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
5:24-cv-01331-PCP                  SUPPORT OF MOTION TO COMPEL ARBITRATION

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496