SHARTSIS FRIESE LLP
KAJSA M. MINOR (Bar #251222)
kminor@sflaw.com
ALEXANDER R. MORROW (Bar #341052)
amorrow@sflaw.com
425 Market Street, Eleventh Floor
San Francisco, CA  94105-2496
Telephone:	(415) 421-6500
Facsimile:	(415) 421-2922

Attorneys for Defendant
OKCOIN USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE DEAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OKCOIN USA, INC., a Delaware Corporation, and Does 1-10,<br><br>　　　　　Defendants. | Case No. 5:24-cv-01331-PCP<br><br>**DEFENDANT OKCOIN USA INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:　　　　May 23, 2024<br>Time:　　　　10:00 a.m.<br>Courtroom:　8, 4th Floor<br>Judge:　　　Hon. P. Casey Pitts |

Defendant OKCoin USA Inc. ("OKCoin") hereby submits its Responses to Plaintiff Leslie Dean's ("Plaintiff") Objections to Evidence ("Objections") in Support of OKCoin's Motion to Compel Arbitration and Stay Proceedings (the "Motion"):[1]

## RESPONSES TO OBJECTIONS

**OBJECTION NO. 1:**

Paragraph 3 of the Declaration of Kevin Chan, which reads as follows: "OKCoin's internal business records reflect that Plaintiff Leslie Dean ("Plaintiff") used OKCoin's website to create his OKCoin account on May 6, 2022, using the sign-up process described below."

**GROUNDS FOR OBJECTION NO. 1:**

Federal Rules of Evidence (FRE) Rules 901(a) Exhibit A attached to the declaration of Kevin Chan has not been properly authenticated.

Mr. Chan is a "Product Lead" but there is no representation or evidence that he is a qualified custodian of records. His reference to "internal business records" is vague and ambiguous and lacks foundation. "Something more" is required for any internal business records to be authenticated and deemed admissible. This paragraph in the declaration does not satisfy OKCoin's evidentiary burden as the moving party.

Mr. Chan has no personal knowledge that Plaintiff electronically executed any agreement, terms of service, arbitration agreement, or other document. Mr. Chan has no personal knowledge of Plaintiff's activities "on May 6, 2022." Mr. Chan may not even have worked with OKCoin on that date. The unauthenticated pages attached to Mr. Chan's declaration lack foundation and contain improper legal conclusions and assumptions. Mr. Chan was not present when any arbitration agreement or offer agreement was signed. **Exhibit A** should be excluded as inadmissible. It is insufficient to support Defendant's motion to compel arbitration.

**RESPONSE TO OBJECTION NO. 1:**

Plaintiff's Objection No. 1 is without merit. Mr. Chan, as an employee of OKCoin and

---

[1] Pursuant to Civil Local Rule 7-3, OKCoin has provided all of its responses to the objections contained herein in its reply brief. *See* Reply in Support of Motion to Compel Arbitration, ECF No. 18, at 12–14.

Product Lead, attests that he has personal knowledge of the process all prospective users—including Plaintiff—were required to follow to create an account in May 2022 when plaintiff created his account. Declaration of Kevin Chan in Support of OKCoin USA Inc.'s Motion to Compel Arbitration and Stay Proceedings, ECF No. 16-1, ("Kevin Chan Decl.") ¶¶ 1, 3–7. He makes clear: all prospective OKCoin users in May 2022 were "required" to provide certain information on a sign-in page that "presented [them] with a hyperlink to the then-current Terms of Service ('TOS') as part of an express disclosure that by creating an account the user was agreeing to OKCoin's TOS and Privacy Policy Statement." *Id.*, ¶ 4. The declaration expressly states what the disclosure was and shows a screenshot of what it looked like. *Id.*, ¶ 5. Plaintiff created an account on May 6, 2022. *Id.*, ¶ 3; Complaint, ECF No. 1, ("Compl.") ¶ 11; Opposition to Motion, ECF No. 17, ("Opp.") at 2. Thus, the declaration establishes what Plaintiff was required to do, what he did, and when he did it. Kevin Chan Decl. ¶¶ 3–7.

Plaintiff erroneously asserts that the OKCoin Terms of Service ("TOS") is not properly authenticated. But Mr. Chan need not be a "custodian of records" to authenticate the TOS. His presentation that he has personal knowledge of the facts in his declaration is sufficient to establish foundation and to meet OKCoin's minimal evidentiary burden. *Mitchell v. Ecolab, Inc.*, No. 1:22-cv-01088-EPG, 2023 U.S. Dist. LEXIS 52953, at *11 (E.D. Cal. Mar. 27, 2023) ("To the extent that Plaintiff challenges the declarant's ability to authenticate the exhibits, such objections on the basis of a failure to comply with the technicalities of authentication requirements or the best evidence rule are inappropriate so long as such documents could be properly authenticated at trial.") (internal citations omitted) (citing Fed. R. Evid. 901); *Jenkins v. Sterling Jewelers, Inc.*, No. 17cv1999-MMA (BGS), 2018 U.S. Dist. LEXIS 25988, at *8 (S.D. Cal. Feb. 16, 2018) ("That Ms. Broadhead was not present when Plaintiff signed the agreement is irrelevant to whether Ms. Broadhead has properly authenticated the document.") (citing Fed. R. Evid. 602, 803(6), 901). Federal Rule of Evidence "901(b)(1) provides that a witness with knowledge of a document can authenticate it by testifying that it is what it is claimed to be." *United States v. Estrada-Eliverio*, 583 F.3d 669, 672 (9th Cir. 2009) (internal quotation marks omitted). The Ninth Circuit has also recognized that "[i]t is not necessary that the computer programmer testify in order to authenticate

computer-generated records." *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985). Plaintiff provides no proper basis for this Court to disregard the Kevin Chan Declaration, particularly because it mirrors the virtually identical declaration that Mr. Chan submitted—and that the Court accepted—in *Nguyen v. OKCoin USA*, No. 22-cv-06022-KAW, 2023 U.S. Dist. LEXIS 27449, at *3 (N.D. Cal. Feb. 17, 2023) (referencing Mr. Chan's declaration, ECF No. 11-1 in that matter).

**OBJECTION NO. 2:**

Paragraph 5 of the Declaration of Kevin Chan, which reads as follows:

At the time Plaintiff created his OKCoin account in May 2022, the sign-up process on OKCoin's website would have showed the following, which made clear directly above a "Sign up" button that by signing up the user was "agree[ing] to OKCoin **Terms of Service** and **Privacy Policy Statement**":

The bolded text "**Terms of Service**" and "**Privacy Policy Statement**" in the disclosure were hyperlinks that directed the user to the respective pages on OKCoin's website containing the full text of each of these documents.

**GROUNDS FOR OBJECTION NO. 2:**

Objection on grounds that the statement as to what Plaintiff "would" have seen or what he "would" have done is inadmissible hearsay, calls for speculation and an improper conclusion and assumption.  Federal Rules of Evidence (FRE) Rules 901(a) Exhibit A attached to the declaration of Kevin Chan has not been properly authenticated.  The unauthenticated pages attached to his declaration lack foundation and contain improper legal conclusions and assumptions.  Mr. Chan has no personal knowledge that Plaintiff electronically executed any document.  The unauthenticated pages attached to his declaration lack foundation and contain improper legal conclusions and assumptions.  Mr. Chan was not present when any arbitration agreement or offer agreement was signed.  **Exhibit A** should be excluded as support for Defendant's motion.

**RESPONSE TO OBJECTION NO. 2:**

Plaintiff's Objection No. 2 is without merit.  Mr. Chan, as a Product Lead, has personal knowledge of the process all prospective users—including Plaintiff—were required to follow to

create an account in May 2022 when Plaintiff created his account. Kevin Chan Decl. ¶¶ 1, 3–7. He makes clear: all prospective OKCoin users in May 2022 were "required" to provide certain information on a sign-in page that "presented [them] with a hyperlink to the then-current Terms of Service ('TOS') as part of an express disclosure that by creating an account the user was agreeing to OKCoin's TOS and Privacy Policy Statement." *Id.*, ¶ 4. The declaration expressly states what the disclosure was and shows a screenshot of what it looked like. *Id.*, ¶ 5. Plaintiff created an account on May 6, 2022. *Id.*, ¶ 3; Compl. ¶ 11; Opp. at 2. Thus, the declaration makes clear what Plaintiff was required to do, what he did, and when he did it. Kevin Chan Decl. ¶¶ 3–7.

As explained, *supra*, Plaintiff's conclusory supposition that the TOS is unauthenticated lacks merit and fails to demonstrate the TOS are inadmissible. Fed. R. Evid. 901(b)(1); *Estrada-Eliverio*, 583 F.3d at 672; *Miller*, 771 F.2d at 1237; *Mitchell*, 2023 U.S. Dist. LEXIS 52953, at *11 (citing Fed. R. Evid. 901); *Jenkins*, 2018 U.S. Dist. LEXIS 25988, at *8 (citing Fed. R. Evid. 602, 803(6), 901). That Mr. Chan testified that he has "personal knowledge of the facts set forth" is sufficient in and of itself. Kevin Chan Decl. ¶ 1. Plaintiff provides no proper basis for this Court to disregard the Kevin Chan Declaration, particularly because it mirrors the virtually identical declaration that Mr. Chan submitted—and that the Court accepted—in *Nguyen*, 2023 U.S. Dist. LEXIS 27449, at *3.

**OBJECTION NO. 3:**

Paragraph 7 of the Declaration of Kevin Chan, which reads as follows: "At all times relevant to this action, OKCoin published its TOS on its website and mobile application. Attached hereto as **Exhibit A** is a true and correct copy of OKCoin's TOS as of September 2021, which was the version in effect at the time Plaintiff Dean created his OKCoin account in May 2022. OKCoin updates its TOS from time to time and the current version, dated December 22, 2023, is available at https://support.okcoin.com/hc/en-us/articles/360059514492-Terms-of-Service."

**GROUNDS FOR OBJECTION NO. 3:**

Federal Rules of Evidence (FRE) Rules 901(a) Exhibit A attached to the declaration of Kevin Chan has not been properly authenticated. The unauthenticated pages attached to his declaration lack foundation and contain improper legal conclusions and assumptions. Mr. Chan

- 4 -

has no personal knowledge that Plaintiff electronically executed any document. The unauthenticated pages attached to his declaration lack foundation and contain improper legal conclusions and assumptions. Mr. Chan was not present when any arbitration agreement or offer agreement was signed.

Mr. Chan is a "Product Lead" but there is no representation or evidence that he is a qualified custodian of records. His reference to "internal business records" is vague and ambiguous and lacks foundation. "Something more" is required for any internal business records to be authenticated and deemed admissible. This paragraph in the declaration does not satisfy OKCoin's evidentiary burden as the moving party. **Exhibit A** should be excluded as support for Defendant's motion.

Based on these objections, which have merit and should be sustained, the Declaration of Mr. Chan and the sole exhibit to his declaration that is filed in support of the motion to compel arbitration should be deemed inadmissible and excluded.

### RESPONSE TO OBJECTION NO. 3:

Plaintiff's Objection No. 3 is without merit. Mr. Chan, as a Product Lead, has personal knowledge of the process all prospective users—including Plaintiff—were required to follow to create an account in May 2022 when Plaintiff created his account. Kevin Chan Decl. ¶¶ 1, 3–7. He makes clear: all prospective OKCoin users in May 2022 were "required" to provide certain information on a sign-in page that "presented [them] with a hyperlink to the then-current Terms of Service ('TOS') as part of an express disclosure that by creating an account the user was agreeing to OKCoin's TOS and Privacy Policy Statement." *Id.*, ¶ 4. The declaration expressly states what the disclosure was and shows a screenshot of what it looked like. *Id.*, ¶ 5. Plaintiff created an account on May 6, 2022. *Id.*, ¶ 3; Compl. ¶ 11; Opp. at 2. Thus, the declaration makes clear what Plaintiff was required to do, what he did, and when he did it. Kevin Chan Decl. ¶¶ 3–7.

As explained, *supra*, Plaintiff's conclusory supposition that the TOS is unauthenticated lacks merit and fails to explain why the TOS are inadmissible. Fed. R. Evid. 901(b)(1); *Estrada-Eliverio*, 583 F.3d at 672; *Miller*, 771 F.2d at 1237; *Mitchell*, 2023 U.S. Dist. LEXIS 52953, at *11 (citing Fed. R. Evid. 901); *Jenkins*, 2018 U.S. Dist. LEXIS 25988, at *8 (citing Fed. R. Evid.

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

602, 803(6), 901). That Mr. Chan testified that he has "personal knowledge of the facts set forth" is sufficient in and of itself. Kevin Chan Decl. ¶ 1. Nothing further is required to demonstrate how all users create an OKCoin account and that when they do so, they must agree to the TOS. Plaintiff provides no proper basis for this Court to disregard the Kevin Chan Declaration, particularly because it mirrors the virtually identical declaration that Mr. Chan submitted—and that the Court accepted—in *Nguyen*, 2023 U.S. Dist. LEXIS 27449, at *3.

Dated: May 10, 2024                             SHARTSIS FRIESE LLP

                                                By: ___/s/ Kajsa M. Minor___
                                                        KAJSA M. MINOR

                                                Attorneys for Defendant
                                                OKCOIN USA, INC.

10367856